## Case No. 2,215.

BURTON v. The COMMANDER IN CHIEF.

[N. Y. Daily T., July 23, 1860.]

District Court, S. D. New York. July 23, 1860.[1]

PRACTICE IN ADMIRALTY — EXCEPTIONS TO MASTER'S REPORT—INTEREST ON DAMAGES.

[1. The justness of a decree on libel for collision, in which a reference to a commissioner to ascertain the damage has been directed, can-

---

[1] [Affirmed in Burton v. The Commander in Chief, Case No. 2,216, and by the supreme court in La Tourette v. Burton, 1 Wall. (68 U. S.) 43.]

not be tested on exceptions to the commissioner's report.]

[2. Nor can the credibility and reliability of the witnesses on the reference be investigated on such exceptions, unless the objections rest wholly on questions of law.]

[3. Interest should be allowed on the actual damages sustained by libelant.]

[See The America, Case No. 285; The Alexandria, Id. 178.]

[4. Notwithstanding disparity in the estimate of damages on the reference, ranging from $600 to $3,000, the commissioner's finding should be confirmed.]

[In admiralty. Libel by Peter R. Burton and William H. Lingo, owners of the schooner William Clarke, against the schooner Commander in Chief, for damages sustained by collision. There was a decree for libelants, and a reference to compute the damages. On the coming in of the commissioner's report, the claimants, Abraham La Tourette and Daniel Butler, excepted to the report, which exceptions were overruled.]

Mr. Morton and William Jay Haskett, for libelant.

Beebe, Dean & Donohue, for claimants.

Before BETTS, District Judge.

HELD BY THE COURT: That the claimants cannot, on exceptions, test the justness of the decree. That the credibility and reliability of the witnesses on the reference cannot be investigated on exception, unless the objections rest wholly on questions of law. That on the decree the libelant is entitled to interest on the actual damages occasioned to the vessel and cargo. That though there is great disparity in the estimates by the witnesses of the value of the vessel, ranging from $600 to $3,000, the court must hold the finding of the commissioners to be substantially correct. Exceptions overruled.

[NOTE: Claimants appealed to the circuit court from the decree of the district court, and the decision of the latter court was affirmed. Case No. 2.216.

[The decree of the circuit court was affirmed by the supreme court in La Tourette v. Burton, 1 Wall. (68 U. S.) 43. See note at end of Case No. 2,216.]